# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:17-cr-78-TJC-PDB

GENE WAKELEY  ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

## **O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.[1]

Defendant Gene Wakeley is a 48-year-old inmate incarcerated at Ray Brook FCI, serving a 65-month term of imprisonment for distributing and possessing with intent to distribute methamphetamine. (Doc. 60, Judgment.) According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on October 25, 2022. Defendant seeks compassionate release because of

---

[1] The Court assumes for the sake of discussion that Defendant exhausted his administrative remedies.

the prevalence of drugs within the various prisons where he has stayed, which he alleges has worsened his drug dependency and gotten him into trouble, and because of the lack of substance abuse rehabilitation programming. (Doc. 67, Motion for Compassionate Release.) The United States responds that Defendant failed to exhaust his administrative remedies, has not shown "extraordinary and compelling reasons" for a sentence reduction, and is a danger to the community. (Doc. 70, Sealed Response; Doc. 74, Unsealed Redacted Response.) The United States also argues that the sentencing factors under 18 U.S.C. § 3553(a) do not support early release. Id.

A district court "may not modify a term of imprisonment once it has been imposed," except under certain circumstances defined by statute. 18 U.S.C. § 3582(c). One of those exceptions is § 3582(c)(1)(A), which provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). The Eleventh Circuit instructs that U.S.S.G. § 1B1.13 is the applicable policy statement for all § 3582(c)(1)(A) motions, and that "a district court cannot grant a motion for reduction if it would be inconsistent with the [Sentencing] Commission's policy statement defining

'extraordinary and compelling reasons.'" United States v. Bryant, 996 F.3d 1243, 1247, 1249 (11th Cir.), cert. denied, 142 S. Ct. 583 (2021); see also U.S.S.G. § 1B1.13, cmt. 1 (defining "extraordinary and compelling reasons").[2]

"[B]y dint of § 3582(c)(1)(A)'s plain text, a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and … (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021). "Because all three conditions – i.e., support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement – are necessary, the absence of even one would foreclose a sentence reduction." Id. at 1238.

A movant under § 3582(c)(1)(A) must prove that a sentence reduction is warranted. United States v. Kannell, 834 F. App'x 566, 567 (11th Cir. 2021) (citing United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014)). "Because the statute speaks permissively and says that the district court 'may' reduce a

---

[2] Application Notes 1(A) through 1(C) provide that a terminal illness or a serious medical condition, old age, and certain family circumstances qualify as extraordinary and compelling reasons. Application Note 1(D) provides that extraordinary and compelling reasons exist if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." "Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." Bryant, 996 F.3d at 1248.

defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021).

Defendant has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. He seeks a reduction in sentence because of the prevalence of drugs within the prisons and the lack of adequate substance abuse treatment programs. However, none of Defendant's arguments matches one of the "extraordinary and compelling reasons" defined in U.S.S.G. § 1B1.13, cmt. 1, by which this Court is bound, Bryant, 996 F.3d at 1247–48, 1249. "Because [Defendant's] motion does not fall within any of the reasons that 1B1.13 identifies as 'extraordinary and compelling,'" the Court cannot grant relief under § 3582(c)(1)(A). Id. at 1265.

Accordingly, Defendant's Motion for Compassionate Release (Doc. 67) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 3rd day of October, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:
Counsel of record
Defendant